1
2
3
4                       UNITED STATES DISTRICT COURT

5                            DISTRICT OF NEVADA

6
MATTHEW CURITTI et al.,                    )
7                                          )
                     Plaintiffs,           )
8                                          )          3:12-cv-00442-RCJ-WGC
                                           )
9          vs.                             )
                                           )
10  JPMORGAN CHASE BANK, N.A. et al.,      )              **ORDER**
                                           )
11                   Defendants.           )
    _____ )

12         This is a quiet title action not involving a foreclosure.  Pending before the Court is

13  Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 34).  In substance, the motion is for

14  expenses under Rule 16(f).  For the reasons given herein, the Court grants the motion.

15  **I.     FACTS AND PROCEDURAL HISTORY**

16         On or about October 11, 2005, non-parties Jason S, and Angelina A. Peterson gave

17  Washington Mutual Bank, F.A. ("WaMu") a $234,000 promissory note, and a deed of trust (the

18  "WaMu DOT") against real property at 1711 Branding Ct., Fernley, NV 89406 (the "Property")

19  to secure it. (*See* Compl. ¶¶ 6–7, July 13, 2012, ECF No. 1-1, at 2).  California Reconveyance

20  Co. ("CRC") was the trustee. (*Id.* ¶ 6).  Trustee Corps was later substituted as trustee under the

21  WaMu DOT. (*Id.* ¶ 8).  On or about March 18, 2011, the Petersons gave Golden Hills Trust a

22  deed of trust (the "Golden Hills DOT") against the Property to secure a $275,000 debt. (*Id.* ¶ 9).

23  Defendant JP Morgan Chase Bank, N.A. ("JPMorgan") was later substituted as trustee under the

24  WaMu DOT and reconveyed the WaMu DOT based upon satisfaction of the underlying debt. (*Id.*

25  ¶ 11).  In other words, it appears that the Golden Hills DOT represented a refinancing of the

1   Property.  Golden Hills Group later assigned the Golden Hills DOT and its beneficial interest

2   thereunder to Defendant CJT Financial ("CJT").  Two weeks late, Plaintiffs Matthew and Maria

3   Curitti entered into a purchase agreement for the Property. (*Id.* ¶ 14).  CJT approved the sale for

4   $76,000 to satisfy the Golden Hills DOT. (*Id.* ¶ 16).  This appears to represent CJT's approval of

5   a short sale from the Petersons to the Curittis.  The Property was conveyed by deed as

6   contemplated in the purchase agreement on September 1, 2011, with the Curittis giving USAA

7   Federal Savings Bank ("USAA") a $66,000 promissory note and deed of trust securing it (and

8   presumably making a $10,000 down payment). (*See id.* ¶¶ 17, 20).  However, CJT failed to

9   reconvey the WaMu DOT following its receipt of the proceeds from the closing, as anticipated.

10  (*Id.* ¶ 19).  On or about December 8, 2011, Old Republic National Title Insurance Co. ("Old

11  Republic"), the Curitti's title insurer, informed the Curittis that the Substitution and

12  reconveyance of the WaMu DOT may have been fraudulent. (*Id.* ¶ 22).  Old Republic has offered

13  to pay JPMorgan the fair market value of $85,000 (the Curittis' title insurance policy limits) to

14  properly reconvey the WaMu DOT. (*See id.* ¶¶ 23–24).  JPMorgan has not responded. (*Id.* ¶ 25).

15      Plaintiffs sued JPMorgan and CJT in the Third Judicial District Court to quiet title to the

16  Property.  JPMorgan removed, answered, and counterclaimed for declaratory relief that the

17  Reconveyance was null and void and that the DOT still encumbered the Property.  The Clerk has

18  entered default against CJT.

19      Magistrate Judge Cobb held a Case Management Conference ("CMC") on October 29,

20  2012, at which he ordered a Settlement Conference ("SC") before Magistrate Judge McQuaid on

21  or before December 21, 2012. (*See* Mins., Oct. 29, 2012, ECF No. 21).  Magistrate Judge

22  McQuaid scheduled the SC for January 3, 2013 in chambers. (*See* Order, Nov. 19, 2012, ECF

23  No. 22).  The minutes of the SC appear in the docket as follows:

24          Settlement Conference held on 1/3/2013 before Magistrate Judge Robert A.
        McQuaid, Jr. Crtrm Administrator: Paris Rich; Plaintiffs' Counsel: Ryan Russell,
25      Esq.; Defendants' Counsel: Katie Weber, Esq.; Court FTR: 9:56 AM to 9:59 AM;

1
2
3
4
5
6
7
8
9

Time of Hearing: 9:00 AM; Courtroom: 4; At 9:56 AM, the Court convenes. Mr. Russell is present with the Plaintiffs and Ms. Cynthia Long, Senior Vice President and Regional Counsel of Old Republic Title Company. Ms. Weber is present on behalf of the Defendants with Mr. Harold Galo of JP Morgan Chase Bank, N.A. No settlement was reached. The Court addresses the Settlement Conference scheduled for 9:00 AM this date and Defense Representative Galo's tardiness of 15 minutes. The Court further states that the Defendants did not appear at this date's Settlement Conference in a position to settle this matter, were aware of their position prior to their attendance this date, and did not inform the Court or the Plaintiffs of their inability to go forward with settlement negotiations until today. The Court finds the Defendants' actions constitute bad faith. IT IS ORDERED, within 10 days of this date, the Plaintiffs are granted leave to file a motion for the costs and attorneys' fees associated in preparing for and attending the 1/3/2013 Settlement Conference. Thereafter, the Defendants shall have the opportunity to respond and the matter shall stand submitted before Judge Robert A. McQuaid, Jr. IT IS SO ORDERED. Ms. Weber recites statements regarding her understanding that Plaintiffs' counsel, prior to this date, was made aware of the issues relating to the Defendants' position as to a settlement hold-up in this matter. At 9:59 AM, the Court adjourns.

10

(Mins., Jan. 3, 2013, ECF No. 29).  Plaintiffs have now moved for fees and costs in the total

11
12

amount of 3707.35, representing their costs in preparing for and attending the SC, as well as their

title company's representative's costs in attending.

13
14

## II.   LEGAL STANDARDS

15

A court may upon motion or *sua sponte* issue "any just orders," including those under

16

Rule 37(b)(2)(A)(ii)–(vii) if a party appears at a pretrial conference substantially unprepared to

17

participate or participates in bad faith. Fed. R. Civ. P. 16(f)(1)(B).  "Instead of or in addition to

18

any other sanction, the court must order the party, its attorney, or both to pay the reasonable

19

expenses—including attorney's fees—incurred because of any noncompliance with this rule,

20

unless the noncompliance was substantially justified or other circumstances make an award of

expenses unjust." Fed. R. Civ. P. 16(f)(2).

21
22

## III.   ANALYSIS

23

Defendants object to the finding of bad faith, i.e., they argue that their behavior was

24
25

1   substantially justified.[1]  Defendants argue that Plaintiffs were themselves fourteen minutes late,

2   arriving in chambers only one minute before Defendants, having made the same mistake

3   Defendants made, i.e., they went to the courtroom instead of chambers.  They also argue that

4   contrary to Plaintiffs' assertions, Defendants' counsel never agreed that the SC should go

5   forward at the December 21, 2012 deposition, but only that because the SC had been ordered,

6   they had no choice but to appear.  Defendants argue that they made it clear to Plaintiffs at the

7   December 21 deposition that based upon information discovered there, there were potential third-

8   parties who would have to be joined, and that a comprehensive settlement between the current

9   parties was unlikely to resolve the case.

10          The Court grants the motion.  The Court notes the additional third-party issues and the

11  minor, perhaps excusable, nature of the late arrival.  The Court is more concerned, however, with

12  Defendants' failure to inform Magistrate Judge McQuaid of the changed circumstances after the

13  December 21 deposition and to request that the SC be cancelled or postponed based upon those

14  changed circumstances.  Defendants were not substantially justified in proceeding to the SC as if

15  it might be productive in the way originally contemplated by the Court and all parties, causing

16  Plaintiffs and Magistrate Judge McQuaid to waste their time.  Defendants admit in their response

17  that they only informed Magistrate Judge McQuaid of the third-party issues at the SC.  The Court

18  is satisfied with the itemization in counsel's affidavit.

19  ///

20  ///

21  ///

22  ///

23  ///

24

25          [1]They also argue that Plaintiff has identified no statute or rule entitling them to costs, but
the Court finds that Rule 16(f)(1)(B) applies.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs is GRANTED. Expenses are AWARDED under Rule 16(f) in the amount of $3707.35: $2762.50 for counsel's fees; $555.20 that counsel shall remit to Plaintiffs for their lost wages; and $389.65 that counsel shall remit to Ms. Cynthia Long.

IT IS SO ORDERED.

Dated this 4th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge